**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Darrell Lee Azure, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Turtle Mountain Tribal Court, | ) | |
| | ) | Case No. 4:08-cr-095 |
| Defendant. | ) | |

The plaintiff, Darrell Lee Azure (Azure), initiated the above entitled action on November 4, 2008, by lodging what the court construed asa as petition for habeas corpus relief pursuant to Section 1303 of the Indian Civil Rights Act. On December 19, 2008, the Defendant file a Motion to Dismiss for Failure to Exhaust Tribal Court Remedies. For the reasons set forth below, the undersigned recommends that the Defendant's motion be granted and Azure's petition be dismissed without prejudice.

**I.      BACKGROUND**

Azure seeks relief from what he characterized in a civil cover sheet accompanying his complaint as an illegal sentence imposed by the Turtle Mountain Tribal Court. (Docket No. 1-4). The gist of his petition is that the tribal court improperly denied him credit for time he had already served on his sentence. He is presently incarcerated in the Turtle Mountain Law Enforcement Center in Belcourt, North Dakota.

The tribal court denies having improperly withheld from Azure any credit for time served, stressing that the sentences about which Azure complains were imposed consecutively. It has provided this court with the following chronology:

| | |
|---|---|
| January 8, 2008: | Azure was charged with two counts of domestic abuse (#'s 6 & ) in tribal court. |
| Janunary28, 2008: | Azure was released on a $10,000 bond following his arraignment. |
| January 31, 2008: | Azure was charged with three probation violations. |
| February 1, 2008: | Azure was sentenced to two-hundred twenty day in jail for violating his probation (PV #1 - 70 days, PV #2 - 95 days, PV #3 - 55 days) |
| April 15, 2008: | Azure pled guilty to the two counts of domestic abuse pursuant to a plea agreement. Among other things, he was sentenced to thirty days in jail on each count for a total of 60 days to run consecutive to other sentences. |
| May 1, 2008: | Azure was issued a four-day pass from jail by the tribal court. He did not return as scheduled. He was AWOL for twenty days. He was subsequently charged with contempt of court and failure to comply. |
| May 21, 2008: | Azure entered pleas of guilty to the charges of contempt of court and failure to comply. |
| June 15, 2008: | Azure with charged with the escape. |
| September 8, 2008: | Azure pled guilty to the charge of escape. |
| September 10, 2008: | Azure was sentenced to forty-five days in jail (presumably on the escape charge) to run concurrent to balance of his remaining sentences. |
| October 22, 2008: | Azure was arraigned on charges of conspiracy to escape and malicious mischief. He entered pleas of guilty and was sentenced to forty-five days in jail to run consecutive to his other sentences. |

The Tribal Court anticipates that Azure will be eligible for release on February 26, 2009.

The Tribal Court also states that Azure has not exhausted his tribal court remedies, that is, he has not filed an appeal with the Turtle Mountain Tribal Court of Appeals.

## II.   **DISCUSSION**

2

The Tribal Court's chronology presents a far different picture from what Azure represented in his petition in term of his criminal history and his sentences. While the chronology presented by the Tribal Court is somewhat difficult to follow, it appears the release date of February 26, 2009, is generally consistent with the sentences that have been issued assuming they are all consecutive and taking into consideration the time that Azure was AWOL. In other words, it is by no means clear that Azure is being held pursuant to an illegal sentence or in violation of his rights.

The Indian Civil Rights Act provides: "The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976); Janis v. Wilson, 521 F.2d 724, 726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)); LaVallie v. Turtle Mountain Tribal Court, 2006 WL 1069704, *2 (D.N.D. 2006); Donnell v. Red Lake Tribe, 2005 WL 2250767, *3-4 (D. Minn. 2005). The rationale behind tribal exhaustion is "that Congress is committed to a policy of supporting tribal self-government and self-determination." National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." Duncan Energy Co. v. Three Affiliated Tribes of Fort Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir. 1994) (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987)).

In the past, this court has required that persons seeking habeas relief under § 1303 exhaust tribal court remedies prior to seeking habeas relief under § 1303. LaVallie v. Turtle Mountain Tribal Court, supra; Gillette v. Marcellais, 2004 WL 2677268 (D.N.D. 2004). Based on the foregoing, there does not appear to be a basis in this case for bypassing this requirement.

### III.  CONCLUSION AND RECOMMENDATION

The court should require Azure to exhaust his tribal court remedies in terms of seeking relief from the Turtle Mountain Tribal Court of Appeals. Accordingly, the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 7) be **GRANTED** and Azure's petition (Docket No. 3) be **DENIED** without prejudice to a later refiling after available tribal remedies have been exhausted or Azure is able to demonstrate exhaustion would be futile.

### IV.  NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2008.

*/s/  Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge